# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF

In re: §
§
KAMINSKY, STEVEN § Case No. 12-81397
KAMINSKY, JULIE §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
    . The undersigned trustee was appointed on                    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]              $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____   By:/s/DANIEL M. DONAHUE_____
                                                                 Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 12-81397 MLB Judge: MANUEL BARBOSA | Trustee Name: | DANIEL M. DONAHUE |
|---|---|---|---|
| Case Name: | KAMINSKY, STEVEN | Date Filed (f) or Converted (c): | 04/06/12 (f) |
| | KAMINSKY, JULIE | 341(a) Meeting Date: | 05/17/12 |
| For Period Ending: | 05/06/14 | Claims Bar Date: | 01/08/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 14 Baldwin Court Lake in the Hills, IL 60156 Singl | 218,000.00 | 0.00 | | 0.00 | FA |
| 2. Checking Account Castle Bank | 200.00 | 0.00 | | 0.00 | FA |
| 3. Checking Account Castle Bank | 200.00 | 0.00 | | 0.00 | FA |
| 4. Savings Account Castle Bank | 50.00 | 0.00 | | 0.00 | FA |
| 5. Checking Account Castle Bank | 11.00 | 0.00 | | 0.00 | FA |
| 6. Miscellaneous household goods and furnishings: liv | 2,085.00 | 0.00 | | 0.00 | FA |
| 7. Miscellaneous books, pictures, CDs, DVDs, etc... | 200.00 | 0.00 | | 0.00 | FA |
| 8. Clothing and shoes | 500.00 | 0.00 | | 0.00 | FA |
| 9. Miscellaneous costume jewelry, wedding rings | 1,000.00 | 0.00 | | 0.00 | FA |
| 10. Level Term 20 Life Insurance Policy Northwestern M | 0.00 | 0.00 | | 0.00 | FA |
| 11. Level Term 20 Life Insurance Policy Northwestern M | 0.00 | 0.00 | | 0.00 | FA |
| 12. 65 Life Whole Life Insurance Policy Northwestern M | 5,210.00 | 0.00 | | 0.00 | FA |
| 13. Whole Life Insurance Policy Northwestern Mutual St | 7,521.32 | 0.00 | | 0.00 | FA |
| 14. Level Term 10 Life Insurance Policy Northwestern M | 0.00 | 0.00 | | 0.00 | FA |
| 15. Level Term 10 Life Insurance Policy Northwestern M | 0.00 | 0.00 | | 0.00 | FA |
| 16. Term to Age 80 Life Insurance Policy Northwestern | 0.00 | 0.00 | | 0.00 | FA |
| 17. Employee Pension Morgan Stanley | 58,000.00 | 0.00 | | 0.00 | FA |
| 18. Ability Irrigation, Inc. Debtors are 100% sharehol | 0.00 | 0.00 | | 0.00 | FA |
| 19. 6% interest in probate estate of Helen Potsawa Cur | 20,000.00 | 22,847.30 | | 22,847.30 | FA |
| 20. 2006 Chrysler 300 40,000 miles | 9,600.00 | 0.00 | | 0.00 | FA |
| 21. 2006 Ford F250 Pickup Truck 80,000 miles | 13,000.00 | 0.00 | | 0.00 | FA |
| 22. 2001 Polaris Sportsman 400 ATV Does not run | 250.00 | 0.00 | | 0.00 | FA |
| 23. 2006 Chevy Winnebago Motorhome | 40,000.00 | 0.00 | | 0.00 | FA |
| 24. 2002 Harley Davidson FLHTCI | 6,800.00 | 0.00 | | 0.00 | FA |
| 25. Miscellaneous hand tools | 100.00 | 0.00 | | 0.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2

Exhibit A

| Case No: | 12-81397   MLB   Judge: MANUEL BARBOSA | Trustee Name: | DANIEL M. DONAHUE |
|---|---|---|---|
| Case Name: | KAMINSKY, STEVEN | Date Filed (f) or Converted (c): | 04/06/12 (f) |
|  | KAMINSKY, JULIE | 341(a) Meeting Date: | 05/17/12 |
|  |  | Claims Bar Date: | 01/08/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $382,727.32 | $22,847.30 |  | $22,847.30 | Gross Value of Remaining Assets $0.00 |
|  |  |  |  |  | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Nothing remains to be done.

Initial Projected Date of Final Report (TFR): 12/01/13    Current Projected Date of Final Report (TFR): 10/01/15

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 12-81397 -MLB | Trustee Name: | DANIEL M. DONAHUE |
|---|---|---|---|
| Case Name: | KAMINSKY, STEVEN | Bank Name: | CONGRESSIONAL BANK |
| | KAMINSKY, JULIE | Account Number / CD #: | *******0085 GENERAL CHECKING |
| Taxpayer ID No: | *******1292 | | |
| For Period Ending: | 05/06/14 | Blanket Bond (per case limit): | $ 1,500,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 03/28/14 | 19 | MEYERS & FLOWERS, LLC<br>3 N. 2ND ST., STE. 300<br>ST. CHARLES, IL 60174 | INTEREST IN DECEDENT ESTATE | 1129-000 | 22,847.30 | | 22,847.30 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 22,847.30 | 0.00 | 22,847.30 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 22,847.30 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 22,847.30 | 0.00 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| GENERAL CHECKING - ********0085 | 22,847.30 | 0.00 | 22,847.30 |
| | ------------------------ | ------------------------ | ------------------------ |
| | 22,847.30 | 0.00 | 22,847.30 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals  22,847.30  0.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: May 06, 2014 |
|---|---|---|---|---|---|---|

Case Number: 12-81397  
Debtor Name: KAMINSKY, STEVEN

Claim Type Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001<br>2100-00 | DANIEL M. DONAHUE | Administrative | | $0.00 | $3,034.73 | $3,034.73 |
| 001<br>3110-00 | MCGREEVY WILLIAMS | Administrative | | $0.00 | $6,224.00 | $6,224.00 |
| 001<br>3120-00 | MCGREEVY WILLIAMS | Administrative | | $0.00 | $107.30 | $107.33 |
| 000001<br>070<br>7100-00 | Advanta Bank Corporation<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 | Unsecured | | $0.00 | $2,253.72 | $2,253.72 |
| 000002<br>070<br>7100-00 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $0.00 | $5,625.06 | $5,625.06 |
| 000003<br>070<br>7100-00 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $0.00 | $7,811.65 | $7,811.65 |
| 000004<br>070<br>7100-00 | PYOD, LLC its successors and assigns<br>as assignee<br>of Citibank (South Dakota), N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | | $0.00 | $3,331.98 | $3,331.98 |
| 000005<br>070<br>7100-00 | PYOD, LLC its successors and assigns<br>as assignee<br>of Citibank (South Dakota), N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | | $0.00 | $8,824.95 | $8,824.95 |
| 000006<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $0.00 | $13,397.43 | $13,397.43 |
| 000007<br>070<br>7100-00 | Capital One, N.A.<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $0.00 | $415.34 | $415.34 |

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 2 | | ANALYSIS OF CLAIMS REGISTER | | | Date: May 06, 2014 |

Case Number:  12-81397
Debtor Name:  KAMINSKY, STEVEN

Claim Type Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000008 070 7100-00 | American Express Centurion Bank c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | | $0.00 | $2,099.69 | $2,099.69 |
| 000009 070 7100-00 | Portfolio Recovery Associates, LLC successor of US BANK NATIONAL ASSOCIATIO POB 12914 Norfolk VA 23541 | Unsecured | | $0.00 | $3,724.59 | $3,724.59 |
| 000010 070 7100-00 | American Express Bank, FSB c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | | $0.00 | $10,422.91 | $10,422.91 |
| 000011 070 7100-00 | US BANK N.A. BANKRUPTCY DEPARTMENT P.O. BOX 5229 CINCINNATI, OH 45201-5229 | Unsecured | | $0.00 | $8,584.45 | $8,584.45 |
| | Case Totals: | | | $0.00 | $75,857.80 | $75,857.83 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-81397
Case Name: KAMINSKY, STEVEN
  KAMINSKY, JULIE
Trustee Name: DANIEL M. DONAHUE

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DANIEL M. DONAHUE | $ | $ | $ |
| Attorney for Trustee Fees: MCGREEVY WILLIAMS | $ | $ | $ |
| Attorney for Trustee Expenses: MCGREEVY WILLIAMS | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses   $_____

Remaining Balance   $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Advanta Bank Corporation | $ | $ | $ |
| 000002 | Discover Bank | $ | $ | $ |
| 000003 | Discover Bank | $ | $ | $ |
| 000004 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 000005 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 000006 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000007 | Capital One, N.A. | $ | $ | $ |
| 000008 | American Express Centurion Bank | $ | $ | $ |
| 000009 | Portfolio Recovery Associates, LLC | $ | $ | $ |
| 000010 | American Express Bank, FSB | $ | $ | $ |
| 000011 | US BANK N.A. | $ | $ | $ |

Total to be paid to timely general unsecured creditors                    $_____

Remaining Balance                                                          $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE